**Shamsher SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70252.

Agency No. A79–245–182.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2004.

Decided March 4, 2004.

Earle A. Sylva, George T. Heredis, Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Leslie McKay, Rene L. Rocque, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before RYMER, HAWKINS, and BYBEE, Circuit Judges.

MEMORANDUM [*]

We deny Shamsher Singh's ("Singh") petition for review because substantial evidence supports both the IJ's adverse credibility finding and the negative inference he drew from Singh's failure to produce his Canadian asylum application. The IJ articulated a legitimate basis for questioning Singh's credibility, and offered specific, substantial, and nexus-based reasons for

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

disbelief. *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002); *Salaam v. INS,* 229 F.3d 1234, 1238 (9th Cir.2000) (per curiam).

Singh argues that his testimony credibly established persecution on the basis of imputed political opinion. However, the IJ found critical inconsistencies in Singh's testimony going to the heart of his claim: (1) Singh's inconsistent accounts of his friends' cause of death. Because Singh's asylum claim rests in part on evidence of his friends' death for their political views, Singh's testimony about them is a substantial inconsistency upon which an adverse credibility finding may be based. *See Manimbao v. Ashcroft,* 329 F.3d 655, 660 (9th Cir.2003).(2) Discrepancies in Singh's account of police harassment. Singh's inconsistent accounts of when the police were harassing his family and soliciting bribes are germane to his asylum claim because this harassment is the basis of his claim of past persecution or a well-founded fear of future persecution. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001).

The IJ also properly drew an adverse inference from Singh's failure to produce his Canadian asylum application. "[W]here the IJ has reason to question the applicant's credibility, and the applicant fails to produce non-duplicative, material, easily available, corroborating evidence and provides no credible explanation for such failure, an adverse credibility finding will withstand appellate review." *Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir.2000). The IJ found the Canadian application to be: non-duplicative of any other evidence Singh offered, material to establish consistency in his claim, and helpful in clarifying his confusing testimony. *Id.* It was likely more easily available than evidence the petitioner was required to produce in *Mejia–Paiz v. INS,* 111 F.3d 720, 723–24 (9th Cir.1997) (membership records in Jehovah's Witness Church presumably located in Nicaragua). Singh's failure to produce the application or a satisfactory explanation for not producing it supports the IJ's adverse inference in light of his confusing testimony and the IJ's explicit request for the application. Accordingly, the IJ's adverse credibility finding is supported by substantial evidence in the record. The record does not compel a contrary finding. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Without credible testimony, Singh cannot show past persecution or a well-founded fear of persecution on account of a protected ground, nor can he meet the higher burden of proof required for withholding of removal. *Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

PETITION DENIED.